EXHIBIT A TO THE COMPLAINT

US00D720537S

(12) **United States Design Patent**

Taller et al.

(10) Patent No.: **US D720,537 S**

(45) Date of Patent: ** **Jan. 6, 2015**

(54) **ROLL UP CLOTHING ORGANIZER**

(71) Applicants:**Benjamin Taller**, Berkeley, CA (US);
**Cheryl Mascari**, Berkeley, CA (US)

(72) Inventors: **Benjamin Taller**, Berkeley, CA (US);
**Cheryl Mascari**, Berkeley, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/502,162**

(22) Filed: **Sep. 12, 2014**

(51) **LOC (10) Cl.** ................................................. **03-01**

(52) **U.S. Cl.**
USPC ................ **D3/299**; D3/285; D3/293; D3/290;
D3/287

(58) **Field of Classification Search**
CPC .... A45C 3/004; A45C 3/00; A45C 2003/008;
A45C 11/26
USPC .......... D3/273, 293, 289, 299, 301, 300, 303,
D3/900, 245, 201, 283, 276, 285, 286,
D3/287; D6/513, 315, 514, 566, 563, 316,
D6/371; 190/111, 107, 112, 901, 11, 113;
206/284–291, 278, 6.1, 279; 211/113,
211/85.2, 72
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,154,630 | A | | 4/1939 | Marbury et al. |
| 2,502,033 | A | * | 3/1950 | Bohn ............................. 206/293 |
| 3,115,959 | A | | 12/1963 | Jaffe |
| 3,139,133 | A | * | 6/1964 | Spector ........................ 190/111 |
| 4,655,343 | A | | 4/1987 | Lane et al. |
| 4,735,246 | A | * | 4/1988 | Niehaus ........................ 206/6.1 |
| D298,885 | S | | 12/1988 | Cooper |
| 4,801,010 | A | | 1/1989 | Levitas |
| 4,819,796 | A | | 4/1989 | Gerch et al. |
| 4,967,986 | A | * | 11/1990 | Schildkraut ................... 224/250 |
| 5,651,455 | A | * | 7/1997 | Garcia ...................... 206/287.1 |
| 5,692,604 | A | * | 12/1997 | Houk ............................ 206/278 |
| D418,295 | S | * | 1/2000 | Verhulst ........................ D3/283 |

| | | | | |
|---|---|---|---|---|
| D471,011 | S | * | 3/2003 | Kowalsky ....................... D3/299 |
| D499,548 | S | * | 12/2004 | Deutschendorf et al. ...... D3/278 |
| 7,604,102 | B2 | * | 10/2009 | Albritton ....................... 190/107 |
| D603,165 | S | * | 11/2009 | Losiewicz ..................... D3/299 |
| D627,167 | S | * | 11/2010 | Kittrell ......................... D3/299 |
| D646,485 | S | * | 10/2011 | Mason ........................... D3/299 |
| 8,201,684 | B2 | | 6/2012 | Torrellas |
| D673,769 | S | * | 1/2013 | Gorman ..................... D3/203.3 |
| 8,348,054 | B2 | | 1/2013 | Dragan |
| D685,590 | S | * | 7/2013 | Hale et al. ..................... D6/514 |
| D699,030 | S | * | 2/2014 | Etzler ............................ D3/206 |
| 2006/0086628 | A1 | * | 4/2006 | Deutschendorf et al. .. 206/287.1 |

(Continued)

*Primary Examiner* — Jennifer Rivard
*Assistant Examiner* — April Rivas
(74) *Attorney, Agent, or Firm* — Michael J. Sullivan

(57) **CLAIM**

The ornamental design for a roll up clothing organizer, as
shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the roll up clothing
organizer;
FIG. **2** is a back perspective view of the roll up clothing
organizer of FIG. **1**;
FIG. **3** is a perspective view of the roll up clothing organizer
of FIG. **1** in a rolled state;
FIG. **4** is a front view of the roll up clothing organizer of FIG.
**1**;
FIG. **5** is a back view of the roll up clothing organizer of FIG.
**1**;
FIG. **6** is a bottom view of the roll up clothing organizer of
FIG. **1**;
FIG. **7** is a top view of the roll up clothing organizer of FIG.
**1**;
FIG. **8** is a right side view of the roll up clothing organizer of
FIG. **1**; and,
FIG. **9** is a left side view of the roll up clothing organizer of
FIG. **1**.

**1 Claim, 7 Drawing Sheets**





**US D720,537 S**

Page 2

(56) **References Cited**

U.S. PATENT DOCUMENTS

2006/0260046 A1* 11/2006 Landay ........................ 5/413 R
2009/0127045 A1*  5/2009 Williams et al. ............. 190/107

2010/0155266 A1*  6/2010 Nicholson ...................... 206/6.1
2013/0256159 A1* 10/2013 Walsh ........................... 206/6.1
2014/0158564 A1   6/2014 Blasingame

* cited by examiner



FIG. 1



FIG. 2

**U.S. Patent**     Jan. 6, 2015     Sheet 3 of 7     US D720,537 S



FIG. 3



FIG. 4



FIG. 5



# FIG. 6



# FIG. 7



FIG. 8　　　FIG. 9

EXHIBIT B TO THE COMPLAINT

Press Release

Date: 07 / 10 / 2015
Company: Origami Unicorn
Contact: Connie Chen
Telephone: 1-415-715-9064
Email: contact@origamiunicorn.us
website: www.origamiunicorn.us



ORIGAMI
UNICORN

## ORIGAMI UNICORN BRINGS THE ULTIMATE TRAVEL ORGANIZER TO KICKSTARTER





**The new TUO travel organizer proves that it is possible to pack better**

**July 2015** – On average, only half of travelers unpack their luggage at a hotel while on vacation or a business trip causing clothing and small items to become unorganized as they are rifled through each morning.  Personal items like undergarments can quickly disappear among the chaos resulting in stress and delays.  The new TUO ultimate travel undergarment organizer will allow travelers to organize their undergarments or small items neatly in a foldable bag which acts as a portable closet for their trip.

Launching on Kickstarter in mid-July 2015, the TUO is made of a water resistant nylon fabric and features three see-through mesh zippered compartments to pack and organize undergarments, accessories and small clothing items together. Its compact design helps save space in the suitcase, unfolds and features a detachable handle to hang it from the closet or towel bar to access items easily.   There are also two sets of internal pockets to increase privacy and separation of smaller items and a mini dirty laundry bag with two pockets to help sort items as needed. When travelers are ready to leave the hotel, they simply need to fold the bag in thirds, snap the side buttons, and they're ready to go

The TUO is an ideal solution when a family or a couple are sharing a suitcase to keep small clothing items organized as well as perfect for showering in a gym or spa locker room as it can be secured to the shower bar and keep clothing items dry and off the floor.  In addition, it can help save the embarrassment of undergarments falling out of the suitcase in airport security or customs.

"Packing for a vacation or business trip can be extremely stressful trying to organize essential items and optimizing luggage space without exceeding airline luggage weight or size restrictions," said Connie Chen, the designer and founder of Origami Unicorn. I designed the TUO to be lightweight and allow travelers to keep small items organized throughout their vacation or business trip with minimal effort."



The Kickstarter campaign hopes to raise an initial funding goal of $15,000 USD and will offer Early Bird specials as well as several stretch goals after the initial funding goal is met. During the 35-day campaign, pledgers will have the opportunity to fund and pre-order items including the TUO and mini laundry bag as well as gift packages in a variety of colors and styles. Following the Kickstarter campaign, the first TUO organizers for direct consumer sales are expected to be available by Q4 2015.

**ABOUT ORIGAMI UNICORN**
Founded by "Connie" Yung Tseng Chen, Origami Unicorn specializes in design and development of lifestyle products. Chen has a strong background in designing consumer and medical products and has taken her passion for sewing and designing soft goods to create the TUO as her first Origami Unicorn product line. For more information, visit www.origamiunicorn.us

# # #





# ORIGAMI UNICORN

## TUO Travel Undergarment Organizer design and features



Water resistant nylon fabric



Three mesh zipper pockets – easy content visibility



Two sets of internal pockets - provide separate compartments for smaller items



Snap button to keep the bag closed



ORIGAMI
UNICORN

TUO Travel Undergarment Organizer design and features



Firm structure and detachable handle design -
for more hanging options



Graphic print design



Mini laundry bag with divider



Includes one mini laundry bag



ORIGAMI
UNICORN

"Connie" Yung Tseng Chen is a Taiwanese award winning industrial designer based in San Francisco. She started her Industrial design career in the tech industry, working for large corporations in Taiwan before moving to the bay Area in 2005. Prior to her move to San Francisco she developed the desire to explore different culture and lifestyle, and went on a trip to Canada, British Columbia that lasted 7 months.

She then joined a program held by the Taipei Design Center to experience the design process in renowned design studios across the USA, joined One & Co (now HTC) during the TDC program and decided to stay in San Francisco.

For almost 10 years she worked as a senior Industrial designer on medical devices and consumer products such as Pacific Biosciences DNA Sequencer, Cutera Laser systems, Etymotic headset at Zoe Design.

Connie has always been passionate about designing and creating soft goods. In 2014 she decided to turn her passion into a job, and started developing a line of products to improve everyday life. Tuo is the first one.

The travel organizer idea came to her while she was going on a trip to France. She made a prototype to put all her under-garments together. The first prototype worked well and was fully functional but left a lot of room for improvement. She started to iterate on the original concept and interviewed friends for feedback. After spending months perfecting the product, she finally created the finished look of TUO.

Now she is the founder and designer at Origami Unicorn. She believes design and quality are the best ways to build a brand. After years of working in the industrial design field, she is finally pursuing a lifelong dream to launch her own brand.



EXHIBIT C TO THE COMPLAINT

# LAW OFFICE OF MICHAEL J. SULLIVAN

### 111 N. MARKET ST., SUITE 300, SAN JOSE, CA 95113

TEL: (408) 628–8882                    FAX: (408) 625–1148

August 10, 2015

Yung Tseng Chen
Origami Unicorn
San Francisco, CA

Re: Infringement of United States Patent D720,537

Dear Ms. Chen:

I am a patent attorney representing Benjamin Taller, the owner of Rolo Travel ("Rolo"), which sells a travel accessory protected by United States Patent D720,537 ("the 'D720 patent").

Your webpages for your product, TUO: The Ultimate Travel Undergarment Organizer (the "bag"), seen at https://www.kickstarter.com/projects/1257838137/tuo-the-ultimate-travel-undergarment-organizer and at http://www.origamiunicorn.us, show a bag that is substantially identical to the product sold by Rolo at http://www.rolotravel.com that is protected by the 'D720 patent.

To infringe the 'D720 patent, it does not matter whether your bag is exactly identical to the design in the 'D720 patent. It also does not matter whether you came up with the bag independently or simply copied it from Rolo's design. Rolo's 'D720 patent will protect Rolo's design from any similar designs regardless of minor design differences or how the infringing design was created.

By offering to sell a bag substantially identical to Rolo's patented design, you are already injuring Rolo's business. Rolo must protect its business. By hiring me as its attorney, Rolo is committed to pursuing this matter until you obtain a license to their patent or cease selling your infringing bag. We are willing to offer you a license to the 'D720 patent at a reasonable royalty rate and strongly encourage you to contact us immediately to obtain a license.

If you promptly cease offering to sell the bag or obtain a license to the 'D720 patent, we will not pursue litigation against you or seek monetary damages.

If you continue offering to sell the bag without a license, we will sue you and seek the following:

1. Injunctive relief barring you from continuing to sell and offer to sell the infringing bag;
2. The greater of enhanced damages under 35 U.S.C. § 284 or your pre-tax profits under 35 U.S.C. § 289; and
3. All costs of legal action against you, including attorney fees.

Please respond by letter within five (5) business days indicating that you have ceased offering to sell the bag or will agree to license the 'D720 patent.

Sincerely,

Michael Sullivan, Esq.

EXHIBIT D TO THE COMPLAINT

# DOYLE LOW LLP

ATTORNEYS AT LAW

jherren@doylelow.com
925.295.1803 DIRECT

*Via E-Mail*

August 17, 2015

Michael Sullivan
Law Office of Michael J. Sullivan
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408)628-8882
Facsimile: (408)625-1148
msullivan@mikesullivanlaw.com

Re:  U.S. Design Patent D720,537

Dear Mr. Sullivan:

We have been contacted by the owners of Origami Unicorn and asked to review your letter to Ms. Chen dated August 10, 2015.

We have reviewed Rolo Travel's patent, United States Design Patent D720,537 ("the '537 Patent"), which is directed to a roll-up clothing organizer.   It is our client's intent to avoid any protections provided by the '537 Patent.  Thus we also reviewed your client's website which discusses its invention as follows:

> YOUR SUITCASE JUST SHRUNK.
> Rolo is a lot of things: compression bag, suitcase, wardrobe, organizer… but most of all, it's a brand new way of packing.
>
> This clever invention maximizes space with four mesh compartments—two large and two small—that hold up to four days' worth of clothing and toiletries. Simply put your stuff into Rolo's compartments, roll it up, buckle it, and you're on your way.
>
> Made with strong fabric, brand name YKK zippers, military grade mesh, and patented side-release buckles, Rolo is built to last. It comes with a convenient shoulder strap that's perfect for hiking, camping, or backpacking and even short trips. (Heck, you may not even need a suitcase.)
>
> When you arrive, simply unroll it and hang it up in a closet, on a tree branch, or wherever. It's easy to see—and access—what's in each pocket. There's no need to unpack.

## DOYLE LOW LLP

*Michael Sullivan*
*August 17, 2015*
*Page 2 of 2*

The idea for Rolo came to Founders Benjamin Taller and Cheryl Mascari while backpacking through Europe. Unpacking and packing their bag constantly was a pain. They thought, "Wouldn't it be great to simply roll all our stuff together?"

That epiphany became Rolo. Carry less, travel smarter, and enjoy yourself more when you're away.

We are having trouble distinguishing the ornamental features of the '537 Patent, for which a design patent provides protections, from the utilitarian aspects that are described above on your client's website.

Please get back to us and help us to understand the ornamental features embodying the patented design that you believe are being infringed by our client's product, TUO.

We appreciate your assistance in finding a prompt resolution to this matter.


Very truly yours,

DOYLE LOW LLP

Jaime B. Herren

# LAW OFFICE OF MICHAEL J. SULLIVAN

### 111 N. MARKET ST., SUITE 300, SAN JOSE, CA 95113

TEL: (408) 628–8882                          FAX: (408) 625–1148

August 18, 2015

Jaime B. Herren
Doyle Low LLP
3640 Mt. Diablo Blvd., Ste. 202
Lafayette, CA 94549

Re: Origami Unicorn Infringement of United States Patent D720,537

Dear Ms. Herren:

This letter is a reply to your letter dated August 17, 2015 Re: U.S. Design Patent D720,537 ("the 'D537 patent").

I am not sure why your main response to our letter is to quote my client's website and then ask us to distinguish the ornamental from the utilitarian aspects of my client's product. My client's product and website description are irrelevant to whether your client is infringing the 'D537 patent. It is also irrelevant whether you "are having trouble distinguishing the ornamental features of the 'D537 Patent, for which a design patent provides protections, from the utilitarian aspects that are described above on your client's website." The design has been deemed protectable by the PTO even though it is for a useful article of manufacture, as is the case for any other design patent.

As far as the visual similarities between the 'D537 patent and your client's product, we have impartial third parties who consider the designs to be very similar, and we believe any judge or jury would find the same.

Given this round of correspondence between counsel, we are willing to extend by one day until Thursday, August 20 our deadline for notifying us whether your client intends to pay a 10% royalty to license the 'D537 patent.

Sincerely,

Michael Sullivan, Esq.

# DOYLE LOW LLP

ATTORNEYS AT LAW

jherren@doylelow.com
925.295.1803 DIRECT

*Via E-mail*

August 19, 2015

Michael Sullivan
Law Office of Michael J. Sullivan
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408)628-8882
Facsimile: (408)625-1148
msullivan@mikesullivanlaw.com

Re:  U.S. Design Patent D720,537

Dear Mr. Sullivan:

We have your letter dated August 18, 2015, and the first thing we did was to review your website to see your background as your summary of the relevant law and the scope of a protection attributed to a design patent is incorrect.  We confirmed that you in fact represent yourself as filing design patent applications, so you clearly are aware of the appropriate legal standards.  In an abundance of caution, and to confirm that my understanding of the law, I then went to the United States Patent and Trademark Office website and found the following clarifications as to the positions in your letter.

You state "The design has been deemed protectable by the PTO even though it is for a useful article of manufacture, as is the case for any other design patent."  That statement is incorrect. The protection provided by a design patent is just that, limited to a design.  As you know, a design consists of the visual ornamental characteristics embodied in, or applied to, an article of manufacture.  It does not protect "a useful article of manufacture."

Since a design is manifested in appearance, the subject matter of a design patent application may relate to the configuration or shape of an article, to the surface ornamentation applied to an article, or to the combination of configuration and surface ornamentation. A design for surface ornamentation is inseparable from the article to which it is applied and cannot exist alone. It must be a definite pattern of surface ornamentation, applied to an article of manufacture.  Again, it does not protect "a useful article of manufacture."

In the situation in which an article of manufacture possesses both functional and ornamental characteristics, a design patent protects only the appearance of the article and not structural or utilitarian features.

# DOYLE LOW LLP

*Michael Sullivan*
*August 19, 2015*
*Page 2 of 3*

**That is the difference between design and utility patents.**   In general terms, a "utility patent" protects the way an article is used and works (35 U.S.C. § 101), while a "design patent" protects the way an article looks (35 U.S.C. § 171). Both design and utility patents may be obtained on a single article if invention resides both in its utility and ornamental appearance. That is because utility and design patents afford legally distinct protections.

In fact, the manner in which you define your clients rights, being dictated primarily by the function of the article and not its ornamentality, is not proper statutory subject matter under 35 U.S.C. § 171.  Specifically, if at the time the design was created, there was no unique or distinctive shape or appearance to the article that was not dictated by the function that it performs, then the design lacks ornamentality and is not proper subject matter.

In addition, 35 U.S.C. §171 requires that a design must be "original." Clearly a design that simulates a well-known or naturally occurring object or person is not original as required by the statute.  A quick review through an internet search engine reveals hundreds of similar type products.

Finally, the '537 Patent appears violative of the statute in that a broken line disclosure is supposed to be used in the drawings of a design patent to represent the utilitarian features.   In other words, structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is used, should be represented in the drawing by broken lines. This includes any portion of an article in which the design is embodied or applied that is not considered part of the claimed design. When the claim is directed to just surface ornamentation for an article, the article in which it is embodied must be shown in broken lines. Your client has not perfected its prosecution in this manner, contrary to the position you have taken in your letter.  Your client's position invalidates its patent.

Once again, we are having trouble distinguishing the ornamental features of the '537 Patent, for which a design patent provides protections, from the utilitarian aspects which are described on your client's website and are referenced in your letter.

Please get back to us and help us to understand the ornamental features embodying the patented design that you believe are being infringed by our client's product, TUO.  My client has every intention of respecting your client's properly issued design patent rights.

# DOYLE LOW LLP

*Michael Sullivan*
*August 19, 2015*
*Page 3 of 3*

We appreciate your assistance in finding a prompt resolution to this matter.

Very truly yours,

DOYLE LOW LLP

Jaime B. Herren

# LAW OFFICE OF MICHAEL J. SULLIVAN

## 111 N. MARKET ST., SUITE 300, SAN JOSE, CA 95113

TEL: (408) 628–8882                    FAX: (408) 625–1148

---

August 19, 2015

Jaime B. Herren
Doyle Low LLP
3640 Mt. Diablo Blvd., Ste. 202
Lafayette, CA 94549

Re: Origami Unicorn Infringement of United States Patent D720,537

Dear Ms. Herren:

This letter is a reply to your letter dated August 19, 2015 Re: U.S. Design Patent D720,537.

As the quoted language in your second paragraph states, I said that "the design [is] protectable …even though it is for a useful article of manufacture…." I did not say that the useful article of manufacture is itself protectable or that any functionality of my client's product was protected by the design patent.

Thank you for stating that you checked my background as a patent attorney and for your extended exposition on the law. Our deadline is unchanged. If this is how your firm seeks to avoid litigation for your clients, it is not working.

Sincerely,

Michael Sullivan, Esq.



**From:** **Richard P. Doyle, Jr.** rdoyle@doylelow.com
**Subject:** Re: United States Design Patent D720,537
**Date:** August 19, 2015 at 4:00 PM
**To:** Michael Sullivan MSullivan@MikeSullivanLaw.com
**Cc:** Jaime Herren jherren@doylelow.com, **Francois Laine** francois.laine@gmail.com

---

**Michael,**

**I am on this email chain.  It was me who asked Jaime to follow up with you and to determine what was ornamental as opposed to functional.  For example, a strap would generally be considered functional.  Zippers to seal compartments likewise functional, and finally the two snaps which lock the fabric in rolled up fashion would also be considered functional.  We are missing something and would appreciate your assistance so that we can best advise our client.**

**Thank you**

**Rich**


Richard P. Doyle, Jr., DOYLE LOW LLP

3640 Mt. Diablo Boulevard, Lafayette, CA 94549

Three Embarcadero Center, Suite 460, San Francisco, CA  94111

925.295.1805 direct, www.doylelow.com

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may contain attorney-client materials and/or attorney work product, legally privileged and protected from disclosure.  This e-mail is intended only for the addressee named above.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited.  Please reply to the sender that you have received the message in error, then delete it and any and all copies of it.

**From: Michael Sullivan** msullivan@mikesullivanlaw.com
**Subject:** RE: United States Design Patent D720,537
**Date:** August 19, 2015 at 5:47 PM
**To:** Richard P. Doyle, Jr.  rdoyle@doylelow.com
**Cc:** Jaime Herren jherren@doylelow.com, **Francois Laine** francois.laine@gmail.com



Rich,

I am operating under instructions from my client, who is very interested in either quickly reaching a licensing deal or filing suit to show we mean business. He reasonably believes that he being harmed by every additional day your client offers her product for sale.

Any back-and-forth about what is covered by the patent and whether your client's product infringes it is, in my client's opinion, just going to delay the resolution of this matter. To the extent we are required to share our understanding of the patent and its infringement as part of the normal pre-trial process, we will do that. However, we see no benefit in doing that now.

Regards,

Michael

_____
Law Office of Michael J. Sullivan
111 N. Market St., Ste. 300
San Jose, CA 95113
(408) 628-8882
www.mikesullivanlaw.com

**From:** Richard Doyle [mailto:rdoyle@jd-law.com] **On Behalf Of** Richard P. Doyle, Jr.
**Sent:** Wednesday, August 19, 2015 4:01 PM
**To:** Michael Sullivan <MSullivan@MikeSullivanLaw.com>
**Cc:** Jaime Herren <jherren@doylelow.com>; Francois Laine <francois.laine@gmail.com>
**Subject:** Re: United States Design Patent D720,537

Michael,

I am on this email chain.  It was me who asked Jaime to follow up with you and to determine what was ornamental as opposed to functional.

For example, a strap would generally be considered functional.  Zippers to seal compartments likewise functional, and finally the two snaps which lock the fabric in rolled up fashion would also be considered functional.

We are missing something and would appreciate your assistance so that we can best advise our client.

Thank you

Rich